**MARYLAND COAL AND COKE COMPANY, Appellant,**

v.

**Edgar A. McGINNES, District Director of Internal Revenue.**

No. 15072.

United States Court of Appeals
Third Circuit.

Argued March 30, 1965.

Decided Aug. 3, 1965.

S. Gordon Elkins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa. (David P. Brown, Jr., Philadelphia, Pa., on the brief), for appellant.

James F. Flug, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., on the brief), for appellee.

Before HASTIE and FREEDMAN, Circuit Judges, and WEBER, District Judge.

PER CURIAM.

The terms of a contract with a corporate mine owner gave the taxpayer corporation as "sales agent" the exclusive right to sell the entire output of a certain mine and to receive as compensation a commission of 15 cents per net ton. The agreement ran "for the life of the mine".[1]

Desiring to acquire the mine as a source of coal for its own use, Bethlehem Steel Corporation negotiated to purchase all of the stock of the mine-owning corporation. Since Bethlehem did not intend to sell coal, the negotiations included the taxpayer with a view to the termination of its contract. The stock purchase was consummated in 1950 and, at the same time, Bethlehem paid the taxpayer $200,000 for the relinquishment of its rights as selling agent.

---

1. An earlier superseded agreement between the same parties contained additional undertakings, but they were fully performed, do not appear in this contract and, therefore, are not relevant to the present controversy.

In its 1950 income tax return the taxpayer reported the $200,000 as long-term capital gain, but the Commissioner ruled that this gain was ordinary income. After paying the resulting tax deficiency under protest, the taxpayer filed this suit in the district court for a tax refund. On motion for summary judgment, the district court stated its views in a comprehensive opinion and denied the taxpayer relief. E.D.Pa.1964, 225 F.Supp. 854. This appeal followed.

The sole question here is whether the taxpayer's rights under the selling contract constitute a "capital asset" within the meaning of section 117(a) (1) of the 1939 Internal Revenue Code, so that payment received for the termination of the agency would constitute capital gain under section 117(a) (4).

In its opinion the district court reasoned that under the agreement in question the taxpayer acquired no ownership rights in the mine or the coal extracted from it, and nothing else of value except a contractual right to perform services and to receive a specified selling agent's commission. Analyzing numerous cases which have been decided in somewhat analogous situations, the court concluded that the correct principle to be derived from most of them is that a contract of this sort can be a capital asset only if it creates beyond the right to perform a service and to receive compensation, some interest or estate in or encumbrance upon some property with which the contract is concerned. In the court's view, the rights of the taxpayer here did not constitute any such property interest.

The fact, much stressed by the taxpayer, that the contract created an exclusive right to a commission on the entire output of the mine was viewed by the court as making the agency more valuable than a non-exclusive agreement of short duration would have been, but not as creating any interest beyond or different from the contractual rights which normally inhere in a selling agency.

And finally, the court rejected an argument that something more than the ordinary contractual rights of an agent must

have been involved here because the $200,000 payment was not calculated arithmetically by some formula for commuting future commissions. The court reasoned that a monetary settlement of a claim for deprivation of future commissions need not approximate the present value of anticipated future earnings but may as well reflect other and quite different considerations. It is also relevant that nothing appears here to establish that the sum paid the taxpayer was notably greater than might have been estimated in an attempted commutation of future earnings.

After careful consideration of the involvements of this case, we are satisfied that Judge Luongo's dispositive opinion in the district court is a full and sound analysis and evaluation of the relevant considerations and precedents. The right result has been reached for the right reasons.

The judgment will be affirmed.